# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

CHARLES BRUCE WHITE,                                                                    PLAINTIFF
REG. #02068-084

v.                                               4:11-cv-00251-BRW-JTK

LYNN OLLAR, et al.                                                                      DEFENDANTS

## ORDER

This matter is before the Court on Plaintiff's Motion for Sanctions and John Doe Defendant's Motion for a More Definite Statement (Doc. Nos. 36, 44).  Defendants filed Responses to Plaintiff's Motion (Doc. Nos. 51, 53), and Plaintiff responded to Defendant's Motion (Doc. No. 54).

1.    Plaintiff's Motion for Sanctions

In his Motion, Plaintiff states that while being transported from the Federal Correctional Institution to the Pulaski County Detention Facility (Jail) in August, 2011, the transporting officer, Deputy Sheriff May, confiscated from him numerous legal documents and papers.  Plaintiff claims May's actions were directed by Defendant Ollar and the Chief United States Marshal in an attempt to sabotage Plaintiff's legal claims.  He asks for sanctions to deter defendants from trying to sabotage his legal action.

In his Response, Defendant Holladay states that Plaintiff does not allege any involvement by him in the incident (Doc. No. 51).  He states one of his employees, Sgt. Ware, witnessed Plaintiff's arrival to the Jail, at which time Plaintiff accused Deputy Sheriff May of stealing his legal papers.  Deputy May searched the transport van and did not locate any additional papers.   In her Response, Defendant Ollar denies Plaintiff's allegations in an Affidavit, stating the policy of the

1

United States Marshal Service is to review all inmates' documents for contraband, but that they are not to be read or confiscated unless they constitute contraband (Doc. No. 53-1). Ollar also states she was not involved in the transport of Plaintiff to the Jail on August 4, 2011, or back to the federal facility in Mason, Tennessee, on August 31, 2011, and did not direct anyone to confiscate Plaintiff's legal materials. Id. Finally, Defendant states Plaintiff provides no legal basis to support his Motion, stating that FED.R.CIV.P. 11(b) and 37, which deal with sanctions, are not applicable to this situation (Doc. No. 53).

The Court agrees with the Defendants that Plaintiff provides no legal basis in support of his Motion for Sanctions from them. If Plaintiff was harmed by the confiscation of his legal documents, he may file a separate legal action based on that incident. However, the Court finds no support for granting sanctions against Defendants at this time. Therefore, the Motion will be denied.

2.     Motion for a More Definite Statement

Plaintiff named as a Defendant, "John Doe, the Chief United States Marshal." In the present Motion, Defendant asks the Court to order Plaintiff to more clearly identify this Defendant, stating that there is no such position as a Chief United States Marshal. Defendant states there is a position of United States Marshal and a position of Chief Deputy United States Marshal, and that Plaintiff's current Complaint is too vague to enable the United States Marshal Service to identify the appropriate Defendant.

Plaintiff states in his Response that he is suing the person responsible for operation of the United States Marshal in this region, and asks to identify Defendant Ollar's supervisor.

The Court will grant Defendant's Motion, and will direct Plaintiff to more clearly identify the John Doe named in his Complaint. If Plaintiff is currently unable to identify this individual, he

may use the discovery process (requests for admission, interrogatories, requests for production of documents) in order to try to identify John Doe.  Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Sanctions (Doc. No. 36) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for a More Definite Statement (Doc. No. 44) is GRANTED.  Defendant John Doe will not be required to file a Response to Plaintiff's Complaint until Plaintiff can more clearly identify him.  When Plaintiff is able to identify Defendant Doe, he shall notify the Court in the form of a Motion to Amend.

IT IS SO ORDERED this 5th day of October, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE